HENRY MCDONALD *et al.*, Appellants, v. AMBROSE COBB, Respondent.

**St. Louis Court of Appeals, February 24, 1891.**

**Practice, Appellate:** NECESSITY FOR THE SAVING OF EXCEPTIONS IN THE TRIAL COURT. When no exception is saved in the trial court to the giving of an instruction, the propriety of the instruction will not be reviewed on appeal.

*Appeal from the Howell Circuit Court.*—Hon. Joseph
Cravens, Judge.

Affirmed.

*Olden, Williams & Sanders*, for appellants.

*W. N. Evans*, for respondent.

Thompson, J.—This action was commenced before
a justice of the peace to recover the price, agreed to be
paid by the defendant to the plaintiff for recovering a
horse which had been taken from the defendant by a
third person, and carried away. On trial in the circuit
court before a jury, there was a verdict and judgment
for the defendant. The plaintiff, appealing to this
court, assigns the following errors : " *First.* The ver-
dict and judgment are against the law. *Second.* . The
judgment is not responsive to the pleadings and the evi-
dence, and should have been for the plaintiff. *T hird.*
The court erred in giving the second instruction, as
asked by the defendant."

The first and second assignments of error present
nothing for review, as the verdict and judgment are
quite consistent with the pleadings and the evidence.

The third assignment of error is the only one which
is argued by the appellant. As no objection was made
to the instruction, and as no exception was saved to the
action of the trial court in giving it, this assignment of
error presents nothing for review. This court never
held, as appellant states it did, in *Beck v. Dowell*, 40
Mo. App. 71, " that the mere failure of a party to
expressly save an exception to an adverse ruling should
not debar such party from assigning error of such rul-
ing, but that an exception should be presumed." That
is merely the reporter's condensation of certain observa-
tions, made by one of the judges of this court in his
dissenting opinion in that case. But the observation of

the dissenting judge in that case went no further than to express a doubt, whether, in view of the well-known practice in the country, it is necessary to save an exception to adverse ruling, where, as in that particular case, an objection was made. A majority of the judges of this court did not agree with that view. It is to be added that none of the judges of this court have ever taken the view that a party can assign errors in an appellate court on a ruling, where no objections were made and no exceptions saved in the trial court. The reason is obvious. It is the duty of parties to bring the attention of the trial courts to their errors, in order that they may have an opportunity to correct them, and thereby save the costs and expense of appeals and writs of error.

As there is nothing to review upon this record, the judgment is affirmed. All the judges concur.